UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON, | Case No. 1:19-cv-00832-JDP |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | ECF NO. 1 |
| PELICAN BAY STATE PRISON, | |
| Respondent. | |

Petitioner DeMarrea McCoy-Gordon, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] ECF No. 1. Petitioner was convicted of possessing and transporting a controlled substance. *See id*. at 2. Petitioner challenges the findings of a rules violation report that found him guilty of battery on a peace officer and extended his incarceration by eight months. *See id*. at 3. Petitioner sought first-, second-, and third-level reviews of the rules violation report through the California Department of Corrections and Rehabilitation and was unsuccessful at all levels. *See id*. at 7. Petitioner has not stated that he sought any state-level judicial review of his claims before filing the instant petition, and he has provided no proof of any such proceedings. I order petitioner to show cause why his petition should not be dismissed for failure to exhaust his claims at the state level.

---

[1] Although petitioner has filed his claim on a California state habeas corpus petition form, I will construe his petition as being filed under 28 U.S.C. § 2254.

1

**Discussion**

The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to a habeas proceeding must examine the habeas petition and order a response thereto unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Unlike a complaint in other civil cases, a Section 2254 petition must include a form prescribed by the Rules Governing Section 2254 Cases. *See* R. Governing Section 2254 Cases, Rule 2(d). This form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion. Petitioner must use this form in any future amended petitions and should be aware that the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

It appears that petitioner has not sought any remedy in state court. ECF No. 1 at 5. If so, this amounts to a failure to exhaust his claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). If petitioner is currently pursuing relief in state court—and I have no indication that he is—the existence of such a parallel proceeding would warrant the court's abstinence from considering this case to allow state courts the first opportunity to address petitioner's claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The exhaustion doctrine is based on comity; it gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971). Accordingly,

petitioner may move to withdraw his entire petition and return to federal court when he has exhausted his state court remedies.[2]

Alternatively, petitioner may move to stay and hold in abeyance the petition while he exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir. 2002). Under *Rhines*, "stay and abeyance" is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277-78. Under *Kelly*, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. *Kelly*, 315 F.3d at 1070-71 (citing *Calderon v. U.S. Dist. Court (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998)).[3]

**Order**

Accordingly,

1. The clerk's office must send petitioner a Section 2254 petition form.
2. Within thirty days from the date of service of this order, petitioner must show cause as to why his petition should not be dismissed for failure to exhaust state remedies.
3. Plaintiff's failure to comply with this order may result in the dismissal of this action.[4]

---

[2] Although the limitations period tolls while a properly-filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

[3] A petitioner's use of *Kelly*'s three-step procedure, however, is subject to the requirement of *Mayle v. Felix,* 545 U.S. 644, 664 (2005), that any newly-exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009).

[4] Petitioner is forewarned that failure to follow this order may result in a recommendation for

3

IT IS SO ORDERED.

Dated: October 31, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 206

---

dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).