UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON, | Case No. 1:19-cv-00832-JDP |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO EXHAUST CLAIMS |
| v. | |
| PELICAN BAY STATE PRISON, | ECF No. 15 |
| Respondent. | OBJECTIONS DUE IN FOURTEEN DAYS |
| | ORDER TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner DeMarrea McCoy-Gordon, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

On October 31, 2019, we ordered petitioner to show cause why his petition should not be dismissed for failure to exhaust his claims in state court. ECF No. 15; *see* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). We gave petitioner 30 days to respond to the order to show cause. ECF No. 15. The time for responding to the order has passed and petitioner has failed to respond. Therefore, we find that petitioner has failed to

show cause why his petition should not be dismissed for failure to exhaust his habeas claims in state court and recommend that the petition be dismissed.

**Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Here, reasonable jurists would not find our conclusion debatable or conclude that petitioner should proceed further. Thus, the court should decline to issue a certificate of appealability.

**Order**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**Findings and Recommendations**

We recommend that the court dismiss the petition. ECF No. 1. These findings and recommendations are submitted to the U.S. District Court judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations

with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     February 7, 2020                    _____
                                                UNITED STATES MAGISTRATE JUDGE

No. 206.