UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARREA MCCOY-GORDON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PELICAN BAY STATE PRISON,<br><br>　　　　　Respondent. | No. 1:19-cv-00832-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 17) |

Petitioner DeMarrea McCoy-Gordon is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 7, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition for federal habeas relief be dismissed due to petitioner's failure to first exhaust his claims in state court as is required. (Doc. No. 17.) The findings and recommendations were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service of the order. (*Id.*) No objections have been filed, and the time in which to do so has now passed.

/////

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief at this time, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination, that petitioner is not entitled to federal habeas corpus relief at this time due to his failure to first exhaust his claims in state court, wrong or debatable and they would not conclude that petitioner is deserving of encouragement to proceed further in this action. The court therefore declines to issue a certificate of appealability.

/////

/////

Accordingly:

1. The findings and recommendations issued on February 7, 2020 (Doc. No. 17), are adopted;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice due to petitioner's failure to first exhaust his claims in state court;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 12, 2020**

UNITED STATES DISTRICT JUDGE